Cunningham, Presiding Judge,
specially concurring:
I can not concur in the view expressed in the majority opinion that the sum named in the agreement was a penalty rather than liquidated damages. I am not in sympathy with the tendency of the courts to relieve parties from their solemn contracts by judicial construction of the same. In the instant case the parties, in lang-uag-e as simple and plain as it was possible to employ, stated that the damages named in the contract should, be regarded as liquidated damages, and, in order to. make thoroug-hly positive their intention in this respect, they explicitly affirmed that the sum should not be taken or construed as a penalty. No attempt was made on the trial to show that the parties did not understand that the $500 should be treated as liquidated damages, and the situation presented by the facts, surrounding the contract is one where the damag-es ought to be regarded as liquidated, first, bec'ause of the difficulty of proving them; second, because both parties contemplated the abandonment of a then contemplated law suit, one of the results of which could! be foreseen, viz: the difficulty, if suit were started later, of assembling the evidence to prove the amount of damag-es provided for in the contract. My view is well expressed by the following- language appearing- in the 13th volume of Cyc'., pages 90 to 94:
“As to whether a sum.agreed to be paid as damages for the violation of an agreement shall be considered as liquidated damages or only as a penalty is held to depend upon the mean *23 ing and intent of'the parties as gathered from a.\ full view of the provisions of the Contract, the terms used to express the intent, and the peculiar circumstances of the subject-matter of the agreement. The contract is to govern; and the true question is, What was the contract? Whether it was folly or wisdom for the Contracting parties thus to- bind themselves is of no consequence if the intention is clear. If there be no fraud, circumvention, or illegality in the case the court is bound to enforce the agreement. * * * Where the parties have agreed on the amount of damages, ascertained by fair calculation and adjustment, and; have expressed this agreement in clear and explicit terms, the amount so fixed will be treated as the true damages and not as a penalty. * * * Where the parties by the terms of their agreement have expressly provided in terms whether the damages shall be liquidated or unliquidated, they will be so Construed by the court.”